865 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Freida DENINNO, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-3068.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1988.
 
 Before ENGEL, Chief Judge, WELLFORD and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff and appellant Freida Deninno appeals the judgment of the United States District Court for the Southern District of Ohio, affirming the decision of the Secretary of Health & Human Services to deny her 1983 applications for disability and supplemental security income benefits under the Social Security Act Secs. 216(i), 223, 1602, and 1614(a) (42 U.S.C. Secs. 416(i), 423, 1381(a), and 1382(c)).
 
 
 2
 Freida Deninno was born on April 17, 1939 and has a ninth-grade education. Throughout her life she has worked as a machine operator, inspector, coil winder, coffee bottler, solderer, farm laborer and nursery laborer. In 1979 and 1980, she took 110 hours of course work in radio and television repair. She was forty-four years old at the time she applied for disability and supplemental security income benefits on September 12, 1983, alleging disability since November 7, 1977 due to back impairment and rheumatoid arthritis.[1] The applications were initially denied on March 27, 1984, and denied after reconsideration on May 24, 1984. After requesting an administrative hearing on May 31, 1984, Deninno received a hearing before Administrative Law Judge (ALJ) James McElroy on January 25, 1985. By decision on March 11, 1985, the ALJ denied benefits.
 
 
 3
 The ALJ held that on and before June 30, 1980, when Deninno's special earnings requirements expired, Deninno suffered from various physical and mental impairments: (1) lumbar strain, status post bilateral L4-5 semihemilaminectomy, foramenotomy, and disc excision with minor degenerative changes in the cervical, dorsal, and lumbar spine, and shortening of the left femoral head; (2) obesity; (3) dysthymic disorder (depressive neurosis); (4) physical impairment caused by psychological factors and (5) passive-aggressive personality disorder. The ALJ likewise held that Deninno could not return to any of her past work. While holding that the impairments were "severe" within the meaning of 20 C.F.R. Secs. 404.1521 and 416.921, the ALJ used the medical-vocational guidelines as a framework for decision and found that she retained a residual functional capacity for some range of sedentary work. Deninno was a "younger individual" with a "limited education," and the ALJ held that these characteristics, combined with the residual functional capacity, enabled her to do several jobs in the national economy, including coding clerk, cashier, ticket seller and credit card clerk. The ALJ held that Deninno was neither disabled at any time before June 30, 1980 (for purposes of disability insurance) nor after September 12, 1983 (for purposes of supplemental security income).
 
 
 4
 The Appeals Council upheld the decision of the ALJ on June 10, 1985. Deninno then timely filed her complaint in the United States District Court for the Southern District of Ohio. However, upon the Secretary's motion and before an answer was filed, the court remanded the case to the Secretary for reconsideration. The Secretary again denied benefits on June 14, 1986, and the Appeals Council affirmed on September 29, 1986. The case thus returned to the United States District Court, and on December 2, 1987, the district court granted appellee Secretary's Motion for Summary Judgment. Deninno appeals, alleging that (1) the ALJ did not properly evaluate the combined effects of her impairments (2) the ALJ's selective reliance upon expert testimony led to the erroneous conclusion that Deninno could perform the jobs cited in his ruling and (3) the ALJ improperly discredited Deninno's testimony concerning her pain.
 
 
 5
 After careful review of the record, we agree with the district court's determination that substantial evidence in the record supports the ALJ's decision to deny Deninno both disability and supplemental security income benefits. Accordingly, for the reasons set forth by the district court, the district court order granting summary judgment for defendant Secretary of Health and Human Services is AFFIRMED.
 
 
 
 [1]
 A previous disability application filed on June 27, 1979 and alleging disability since November 7, 1977 due to back surgery had been denied on December 10, 1979